MICHAEL PASCALE *vs.* JOHN F. CAPALDI.

JUNE 27, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a bill in equity to enjoin the respondents John F. Capaldi and Campanella & Cardi Construction Company from interfering with the complainant's title and possession of certain real estate in the city of Pawtucket on the ground that the condemnation thereof was unlawful. The cause was heard on bill, answer and proof in the superior court and is before us on the complainant's appeal from the decree of that court denying and dismissing the bill.

Respondent John F. Capaldi is the director of public works of the state of Rhode Island. On September 30, 1960, his predecessor in office, with the approval and authorization of the state properties committee and pursuant to the provisions of G. L. 1956, §§37-6-13 and 24-10-2, filed in the office of the city clerk of the city of Pawtucket, plat No. 1173, freeway plat No. 35, condemning the land therein described for the construction of a portion of a freeway. A portion of complainant's land described by the assessor of taxes as plat No. 6, lot No. 5, was included in the land condemned. Under §37-6-14 the filing of the condemnation papers vested in the state title of the land therein described.

Campanella & Cardi Construction Company, a Rhode Island corporation, was awarded a contract by the state to construct the proposed freeway. The complainant seeks to enjoin the construction company, which has been added as a party respondent, from entering upon or interfering with his enjoyment of his property.

The complainant's first contention is that the condemnation of his land is void because the city of Pawtucket has not given its approval thereto in a formal manner pursuant to the provisions of §24-8-5. This contention is clearly without merit. Section 24-8-5 applies only to the construction and maintenance of city streets, roads, avenues or rights-of-way as state roads and as parts of the state highway system. It has no application to the taking of complainant's land and is not, therefore, involved in this proceeding.

The complainant next contends that §37-6-13 under which his land was taken is unconstitutional, and therefore that the taking is null and void and he has been deprived of his property without due process of law in violation of article XIV, §1, of the amendments to the federal constitution.

The pertinent portion of §37-6-13 reads as follows:

"Whenever in the opinion of the director of public works the acquisition of land or other real property or any interest, estate or right therein is necessary or advantageous for the establishing, laying out, widening, extending or relocating, regrading, straightening, or improving any public highway, street or parkway, or to secure more suitable lines, grades or safety, the state properties committee may authorize the acquisition thereof by condemnation proceedings * * *."

As we understand complainant's brief and oral argument, he is not questioning the authority of the legislature to delegate its power to condemn in a proper case. See *City of Newport* v. *Newport Water Corp.*, 57 R. I. 269, 275, and *Balsamo* v. *Providence Redevelopment Agency*, 84 R. I. 323. He does contend, however, that §37-6-13 delegates legislative power to an executive officer without sufficient standards, criteria and limitations and is therefore viola-

tive of article III and article IV, §2, of the state constitution.

In our opinion the express language of §37-6-13 refutes complainant's contention that the power thereby delegated is all-inclusive and without limitation. The statute authorizes the taking of land only for the specific purposes therein prescribed, thus establishing a legislative policy and standards to guide the director in exercising the authority vested in him by the provisions of §37-6-13. The statute empowers the director to determine the facts to which the policy as declared by the legislature is to apply. See *Panama Refining Co.* v. *Ryan,* 293 U. S. 388. This is not "delegation running riot." It is the most practical manner in which the legislative power to condemn may be exercised. *City of Newport* v. *Newport Water Corp., supra.*

For these reasons it is our opinion that the complainant has failed to sustain the burden of proving that §37-6-13 violates the provisions of article III and article IV, §2 of the state constitution. He has therefore not suffered any deprivation of due process within the meaning of article XIV, §1, of amendments to the federal constitution.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

MOTION FOR REARGUMENT.

JULY 12, 1962.

PER CURIAM. After our decision in the above cause was filed, the complainant asked and received permission to present a motion for leave to reargue. Pursuant thereto he has filed such a motion, stating therein certain reasons on which he bases his contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Pontarelli & Berberian, Aram K. Berberian,* for complainant.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel, for respondent John F. Capaldi, Director of Public Works.